## CHARLES F. ADAMS & others, petitioners.

Suffolk.    January 27, 1896. — March 31, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Metropolitan Park Act — Constitutional Law — Award of Commissioners.*

The commissioners appointed by this court under § 10 of the Metropolitan Park
    Act, (St. 1893, c. 407,) who, after due notice and hearing, and in such manner as
    they shall deem just and equitable, are to determine the proportion in which
    each of the cities and towns named in the act as constituting the Metropolitan
    Parks District shall annually pay money into the treasury of the Commonwealth
    for the term of five years to meet the expenses incurred under the act, are
    authorized to determine the proportions to be paid by the several cities and
    towns before the construction of any parks in the district, or before the ex-
    penses are actually incurred ; and, so construed, the statute is constitutional.
That a certain city named in the Metropolitan Park Act (St. 1893, c. 407) will
    derive no advantage from a connection with that park system, and ought not to
    be included in it, is a question for the Legislature, and not for this court.
Upon an appeal, by a city named in the Metropolitan Park Act (St. 1893, c. 407)
    as included in the district created therein, from a decree accepting the award
    of the commissioners appointed under § 10 to determine the proportions to be
    paid by the several cities and towns, this court cannot consider the objection
    that the proportion assessed upon the appellant will carry its municipal debt
    beyond the limit fixed by statute, if the amount of its existing debt, or any facts
    bearing on the question, are not before the court.
It is not essential that it should appear in the report of the commissioners appointed
    under § 10 of the Metropolitan Park Act (St. 1893, c. 407) to determine the
    proportions to be paid by the several cities and towns named therein as consti-
    tuting the Metropolitan Parks District, that the assessment was made on the
    principle that a certain city is benefited by the constructed work, and does not
    exceed the benefit conferred ; nor is it necessary that the special benefits
    received, if any, must be confined to the benefits received from any of the open
    spaces or parks in the condition they were in at the time the assessment was
    made.
It is no objection to the report of commissioners appointed under § 10 of the Metro-
    politan Park Act (St. 1893, c. 407) to determine the proportions to be paid by
    the several cities and towns named therein, that it does not show what amount
    has been expended under the statute ; nor is it any objection to their apportion-
    ment that it is made up by including within the total amounts appropriated a
    sum which the Metropolitan Park Commission were authorized by a subsequent
    statute to expend in a particular place, and that the apportionment is varied
    thereby.
That the commissioners appointed under § 10 of the Metropolitan Park Act (St.
    1893, c. 407) to determine the proportions to be paid by the several cities and
    towns named therein, made a mistake in their award, by calling the unapplied
    balance appropriated by a subsequent statute a certain sum instead of a larger
    one, is immaterial, if the mistake did not affect the award as to the proportion
    for each city and town to pay.

PETITION, under St. 1893, c. 407,* by the Metropolitan Park Commission, for the appointment of commissioners under § 10. A decree was entered, accepting the award of the commissioners so appointed ; and the city of Lynn appealed therefrom to the full court. The facts appear in the opinion.

*J. R. Baldwin & F. D. Allen*, for the city of Lynn.

*F. V. Balch & F. Rackemann*, for the petitioners.

ALLEN, J. This is a petition by the Metropolitan Park Commission, appointed under St. 1893, c. 407, for the appointment of commissioners, under § 10 of that act, to determine the proportion in which each of the cities and towns included in the Metropolitan Parks District shall annually pay money into the treasury of the Commonwealth, for five years, to meet the expenses incurred under the act. After due notice and a hearing, such commissioners were appointed, and they returned their award or report into court, and after a hearing before a single justice the award was accepted. The case now comes before us on an appeal by the city of Lynn from the decree accepting the award, and was submitted on briefs. We find no statement

---

* This statute provides for the appointment and organization of a board to be known as the Metropolitan Park Commission, whose jurisdiction and powers shall extend to and be exercised in certain enumerated cities and towns, which should " constitute the Metropolitan Parks District," and enacts that the Treasurer and Receiver General, with the approval of the Governor and Council, shall issue scrip or certificates of debt in the name of the Commonwealth to a certain amount to meet the expenses incurred under the act. Section 10 provides as follows : " The Supreme Judicial Court, sitting in equity, shall, on the application of said board and after notice to each of the cities and towns hereinbefore named, appoint three commissioners, who shall not be residents of such cities or towns, who shall, after due notice and hearing, and in such manner as they shall deem just and equitable, determine the proportion in which each of such cities and towns shall annually pay money into the treasury of the Commonwealth, for the term of five years next following the year of the first issue of said scrip or certificates, to meet the interest and sinking fund requirements for each of said years, as estimated by the Treasurer of the Commonwealth, and to meet the expenses of preservation and necessary care of said public reservations, as estimated by said board and certified to said Treasurer, and any deficiency in the amount previously paid in as found by said Treasurer, and shall return their award into said court; and when said award shall have been accepted by said court, the same shall be a final and conclusive adjudication of all matters herein referred to said commissioners, and shall be binding on all parties."

that any objection was taken by the city at any earlier stage of the case, and no other city or town raises any question.

1. The first objection now urged to the award is, that the commissioners were not authorized to determine the proportions to be paid by the several cities and towns before the construction of any parks in said district, or before the expenses were actually incurred. During the hearings before the commissioners, the town of Wakefield took an objection which may have been intended to include this; but it was abandoned, and neither the city of Lynn nor any other city or town renewed it before the commissioners, or at the hearing before the single justice.

There is no general principle which prevents the actual raising of money by taxation for a specific object yet to be accomplished. *Kingman, petitioner,* 153 Mass. 566, 584. There is still less reason for holding that there can be no determination of the proper proportions for each city and town to pay, until the expenses are actually incurred and the work finished. The appellant's objection must rest, therefore, on the terms of the particular statute. St. 1893, c. 407. But we find nothing therein which expresses or implies that the commissioners shall await the construction of the parks before proceeding to determine the proportions. The Commonwealth has to issue its scrip or certificates before that time, and there is nothing which shows an intention on the part of the Legislature to postpone the apportionment among the cities and towns.

2. It is contended that, if by the statute the commissioners might equitably apportion the amount to be paid by the several cities and towns before the construction either of a park or a boulevard, and without definitely ascertaining what expenses had been incurred, then said statute is unconstitutional. But we see no objection to the constitutionality of the statute. *Kingman, petitioner,* 153 Mass. 566, 584, and cases there cited.

3. The city of Lynn objects that it will derive no advantage from a connection with the Metropolitan Park System, and ought not to be included in it. This is a question for the Legislature, and not for us; and besides, we have no sufficient facts to enable us to form an opinion upon it, if it were in any aspect a judicial question.

4. It is suggested that the proportion assessed upon the city of Lynn will carry its municipal debt beyond the debt limit fixed by St. 1885, c. 312.   We do not know the amount of the existing debt of the city of Lynn, and we have no facts before us to enable us to determine any question founded on this suggestion.

5. It is argued that it is essential that it should fully appear in the report of the commissioners that the assessment was made on the principle that the city of Lynn is benefited by the constructed work, and does not exceed the benefit conferred. This objection, however, is disposed of by the decision of *Kingman, petitioner*, 153 Mass. 566, 575–583.

6. It is also argued that the special benefits received, if any, must be confined to the benefits received from any of the open spaces or parks in the condition they were in at the time the assessment was made.   But this argument falls with the last.

7. It is contended that the report is defective in not showing what amount has been expended under the park and boulevard acts.*   But no such statement is necessary.   The commissioners were merely to determine proportions.

Since this case was submitted upon briefs, and taken into consideration by the court, two supplemental briefs in behalf of the city of Lynn have been sent to the court.   This course is irregular, and we do not intend to sanction it as a precedent; but notice having been given to the petitioners, and no objection being made by them, we will consider the points presented.

8. It is urged that the apportionment is illegal because it is made up by including within the total amounts appropriated the sum of $300,000 which the park commissioners were authorized by St. 1894, c. 509, to expend along or near Charles River; and that the apportionment was varied thereby.   It was within the power of the Legislature to authorize or to require such special reasonable expenditures in prescribed places as it deemed best.   This was also done by St. 1894, c. 483, which authorized the park commissioners to take land in Revere, and in order to meet the expenses incurred under this and other acts increased the sum which they were authorized to expend by $500,000.   It

* The Boulevard Act is St. 1894, c. 288; and the provisions of section 8 are substantially similar to those of section 10 of the Park Act, set out in the preceding foot-note.

was unnecessary for the commissioners to set forth their manner of reaching their results with such minuteness as they have done; but we see no error in the particular which is objected to. *Kingman, petitioner,* 153 Mass. 566, 579–582. Nor should we reject their report, unless for strong reason. *Old Colony Railroad, petitioner,* 163 Mass. 356, 359. How far the court will in any case revise the proceedings and determination of such a commission, unless upon a matter of jurisdiction, we need not consider in this case.

9. Finally, it is said that the commissioners made a mistake in their award, by calling the unapplied balance appropriated by St. 1894, c. 288, $115,000, whereas it should read $205,000. We do not see that this apparent mistake in the recital of the facts by the commissioners affected their award as to the proportion for each city and town to pay.

The result is, that the decree accepting the award is affirmed.

*Decree affirmed.*