WILLIAM B. DE LAS CASAS & others, petitioners.

Suffolk. December 10, 11, 1900. — March 2, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

St. 1893, c. 407, establishing a metropolitan park commission provided in § 3 that "The jurisdiction and powers of said board shall extend to and may be exercised in" certain cities and towns named "which cities and towns shall constitute the Metropolitan Parks District." Dedham was one of the towns named. By St. 1897, c. 226, all territory within the town of Dedham southwesterly of a certain line was incorporated as the town of Westwood. Section 5 of the last named act provided that the town of Westwood should assume and pay its just and equitable proportion of any debt due or owed by the town of Dedham at the time of the passage of the act "including its proportion of any obligation on the part of the town of Dedham for the expenses of the metropolitan parks and the metropolitan sewers, until a new apportionment is made concerning the same." Upon a motion by the Attorney General for the acceptance of the award of commissioners appointed under St. 1899, c. 419, to determine the proportion in which the cities and towns of the Metropolitan Parks District should pay money into the treasury of the Commonwealth, annually, until the next award five years later, there was a counter motion by the town of Westwood that the petition might be dismissed as to that town, on the ground that it was not liable to such assessment, being no longer part of the town of Dedham. *Held*, that the Metropolitan Parks District was territorial, and the setting off of Westwood as a new town did not take it out of the district or exonerate it from future charges, and that the words "until a new apportionment is made concerning the same" above quoted mean that when a new apportionment is made Westwood will be included, and not that its liability will then cease.

The discretion given to commissioners appointed under St. 1899, c. 419, to determine the proportions to be paid by cities and towns within the Metropolitan Parks District for the next five years, is not wholly arbitrary, but is to be exercised under the supervision and subject to the sanction of the court, and the commissioners should report the grounds of their determination so far as to enable the court to see that no constitutional rights have been impaired and that there has been no error of law in their award. It is not sufficient for the commissioners to report percentages and to certify that they deem them just and equitable.

PETITION by the metropolitan park commissioners under St. 1899, c. 419, for the appointment of commissioners to determine and make award of the proportions in which each of the cities and towns within the Metropolitan Parks District shall annually pay money into the treasury of the Commonwealth for the first period of five years, to meet the interest and sinking fund requirements and provide for the expenses set out and referred to in § 1 of that act, filed March 26, 1900.

Under this petition apportionment commissioners were appointed by a decree made by a single justice of this court.

The apportionment commissioners after several hearings made and returned to the court their determination and award.

The case came on for hearing before *Barker*, J., on a motion of the Attorney General for the acceptance of this determination and award, a motion of the town of Brookline for a recommittal of the award to the apportionment commissioners, and a motion to dismiss and an answer of the town of Westwood, in which that town alleged that it was not a part of the Metropolitan Parks District and was not liable to apportionment under the statute.

After hearing, the justice denied the motion for recommittal, and ordered a decree to be entered accepting the award.

The town of Brookline appealed to the full court from the order denying the recommittal, and the towns of Brookline and Westwood also appealed from the decree accepting the award, and at the request of both towns the justice reported the case for the consideration of the full court.

A table annexed to the report prepared for the apportionment commissioners, and used by them in making up their award, stated the amounts required annually, as estimated by the State treasurer, to meet the sinking fund, interest and maintenance charges of the various loans, and gave the valuations of the various cities and towns in the district, the percentages and amounts which each would pay if assessed on the basis of valuation, and also the population of the various cities and towns, and the percentages and amounts which each would pay if assessed upon the basis of population, and the mean percentage of valuation and population of the various cities and towns, and the amounts which the various cities and towns would pay if assessed upon the basis of the mean percentage of valuation and population.

A paper prepared by the metropolitan park commissioners at the request of the apportionment commissioners was put in evidence before the apportionment commissioners, which showed the area in acres, and the approximate expense paid or incurred in the acquirement of the various park reservations, and also the approximate expense paid or incurred by the metropolitan

park commission for the metropolitan parkways and boundary roads.

At the hearings before the apportionment commissioners it was admitted that in 1895 the population of that part of Dedham which is now Westwood, was 980, and the population of Dedham as it now exists geographically was then 6,231. It was also admitted that at the time the town of Westwood was incorporated the valuation of that part of Dedham which is now Westwood was $925,000, and that the valuation of Dedham as it now exists geographically was then $7,857,541.

At the hearings before the apportionment commissioners the following requests for rulings were made by the town of .Brookline : 1. That a determination of the special benefits received by the various towns and cities from the various reservations and boulevards should be one of the elements in the apportionment. 2. That population and valuation should be taken into account in the apportionment.

At the same hearings the following requests for rulings were made by the town of Westwood : 1. The town of Westwood is not a part of the Metropolitan Parks District. 2. The town of Westwood is not liable to apportionment under these proceedings. 3. This petition cannot be maintained against said town.

The apportionment commissioners were Charles Francis Adams of Lincoln, Thomas M. Stetson of New Bedford and John C. Hammond of Northampton. They filed a report with tables appended in which were set against the cities and towns in the Metropolitan Parks District, including the town of Westwood, the percentage proportions which the commissioners found to be just and equitable respectively for each, but did not state the basis upon which their apportionment was made.

Section 3 of St. 1893, c. 407, establishing the metropolitan park commission, is as follows : " The jurisdiction and powers of said board shall extend to and may be exercised in the cities of Boston, Cambridge, Chelsea, Everett, Lynn, Malden, Medford, Newton, Quincy, Somerville, Waltham and Woburn, and in the towns of Arlington, Belmont, Braintree, Brookline, Canton, Dedham, Dover, Hingham, Hull, Hyde Park, Melrose, Milton, Nahant, Needham, Revere, Saugus, Stoneham, Swampscott, Wakefield, Watertown, Wellesley, Weston, Weymouth,

Winchester and Winthrop; which cities and towns shall constitute the Metropolitan Parks District."

Section 5 of St. 1897, c. 226, incorporating the town of Westwood, begins as follows: "Said towns of Westwood and Dedham shall each retain and hold all the town property, real or personal, now in or belonging to their respective limits. And the town of Westwood shall assume and pay its just and equitable proportion, according to its present assessed valuation, of any debt due or owed from the town of Dedham at the time of the passage of this act, including its proportion of any obligation on the part of the town of Dedham for the expenses of the metropolitan parks and the metropolitan sewers, until a new apportionment is made concerning the same."

Section 1 of St. 1899, c. 419, providing for apportionment commissioners, is as follows: " In the year nineteen hundred and in every fifth year thereafter the supreme judicial court in equity, on application of the metropolitan park commission or of the attorney-general, or of any city or town of the metropolitan parks district by its attorney, and after such notice as the said court may order to each city and town of that district, shall appoint three commissioners, neither of whom shall be a resident of any city or town in said district, who shall, after such notice and hearing as they deem sufficient and in such manner as they deem just and equitable, determine and make award of the proportions in which each of the cities and towns of said district shall annually pay money into the treasury of the Commonwealth, beginning with the first day of January of the year in which such commissioners are required to be appointed, until the first day of January of the year in which a new award is made hereunder, to provide the amount for that year as estimated by the treasurer of the Commonwealth to meet the interest and sinking fund requirements of the appropriations and loans authorized by chapter four hundred and seven of the acts of the year eighteen hundred and ninety-three, chapter two hundred and eighty-eight of the acts of the year eighteen hundred and ninety-four, chapter three hundred and five of the acts of the year eighteen hundred and ninety-five, and all acts in addition thereto and in amendment thereof, and the amount required to meet the expenses for that year of said board of metro-

politan park commissioners and of the care, maintenance and operation for that year of the parks, reservations, boulevards and other works acquired, cared for or controlled by said board under said acts, as annually authorized by the general court, and the deficiency, if any, in the estimates and payments for the preceding year as found by said treasurer, and shall return their award thus determined into said court: *provided, however*, that the commissioners shall fix and return the proportion to be paid by the city of Boston for each year of the first of said terms at fifty per cent. Every such award when accepted by said court shall be a final and conclusive adjudication for the term for which it is made, of all matters referred to the commissioners, and shall be binding upon all parties."

*C. A. Williams*, for the town of Brookline. .

*C. F. Jenney*, for the town of Westwood.

*F. H. Nash*, Assistant Attorney General, for the petitioners.

HOLMES, C. J. This case came before a single justice of this court upon a motion of the Attorney General for the acceptance of the determination and award of commissioners appointed under St. 1899, c. 419, to determine the proportion in which the cities and towns of the Metropolitan Parks District shall pay money into the treasury of the Commonwealth, annually, until the next award five years later. There was a counter motion by the town of Brookline that the award should be recommitted with instructions to the commissioners to report the method adopted for the apportionment, and whether the apportionment was based upon valuation or population, or special benefits or otherwise, and as to their rulings upon requests for rulings submitted to them by the town. There was also a further motion by the town of Westwood that the petition under which the commissioners were appointed be dismissed so far as it was concerned, on the ground that it was not liable for assessments under the above mentioned act. The single justice ordered a decree to be entered accepting the award, and reported the case to this court.

We will deal first with the motion of the town of Westwood. By the original statute, St. 1893, c. 407, § 3, it was enacted that the jurisdiction and powers of the metropolitan park commission " shall extend to and may be exercised in " certain cities

and towns named, " which cities and towns shall constitute the Metropolitan Parks District." It is plain that these words, whatever else they may convey, express a territorial limit, as is made still plainer by the language of § 6, which speaks of " a city or town within the said district." In like manner the statute authorizing the park commissioners to construct roadways speaks of " any lands . . . within said district." St. 1894, c. 288, § 1. One of the towns named and within the district was Dedham. Afterwards by St. 1897, c. 226, § 1, a certain portion of " territory now within the town of Dedham " was " incorporated into a separate town, by the name of Westwood," with the usual division of property and liabilities. By § 5 Westwood was to pay its just and equitable proportion, according to its present assessed valuation, of Dedham's debt due at the time of the act, " including its proportion of any obligation on the part of the town of Dedham for the expenses of the metropolitan parks and the metropolitan sewers, until a new apportionment is made concerning the same." The question is whether this territory remained within the district for purposes of future liability notwithstanding its separate incorporation.

We are of opinion that the setting off of Westwood as a new town did not take it out of the district, or exonerate it from future charges. We have gone far toward the conclusion when we have said that the Metropolitan Parks District was territorial, whatever else it might be. Starting with this proposition, the words just quoted " until a new apportionment is made concerning the same," must be taken not to fix a time at which all liability of Westwood will cease, but to imply that when a new apportionment is made Westwood will be included and will pay whatever it then is ordered to pay. This is implied by expressing that until that time it shall take its share of Dedham's duty under the last one. The territorial limits of the district remain unchanged by a subdivision of a township within it.

We turn to the motion of the town of Brookline. It hardly is disputed that the Legislature had power to throw the expense of the metropolitan parks upon the towns and cities constituting the district. *Kingman, petitioner*, 153 Mass. 566, 572–575. *Adams, petitioner*, 165 Mass. 497. *Attorney General* v. *Williams*, 174 Mass. 476, 478, 479. It is not disputed either that the

Legislature might give to commissioners the power of apportionment given to these commissioners by the act of 1899. That is settled, and it is settled that the power may be granted with no more definite regulation for the commissioners' action than that, as here, they shall determine the proportions " in such manner as they deem just and equitable," their award to be final when accepted by the court. *Kingman, petitioner*, 153 Mass. 566, 577, *et seq. Adams, petitioner*, 165 Mass. 497, 499. The characteristically clear and exhaustive judgment of Mr. Justice Charles Allen in the Kingman case brings out plainly the large latitude that must be allowed and that has been allowed in determining the weight which is to be given to particular considerations. In the present case the Legislature has adjudicated that half the expenses in question should fall on Boston, and half on the remaining territory designated. All that is left is the question, relatively one of detail, as to how the latter half should be apportioned. With regard to such a question the observations of Mr. Justice Allen apply with peculiar force.

It follows from what we have said that we should be slow to disturb an award except in the unlikely event of its appearing " extravagant and unreasonable." Nevertheless, as is pointed out in *Kingman, petitioner*, 153 Mass. 566, 579, the discretion given to the commissioners is not wholly arbitrary, but, as is stated in that case, is to be exercised under the supervision and subject to the sanction of this court. It is deemed of importance that the award is to take effect only when it shall have been accepted by the court, and it is concluded from that provision that the parties have a right to be heard, as they have been, upon the question of acceptance. But if the parties are to be heard, and especially when the complaining party has called the attention of the commissioners by a request for a ruling to a proposition of law upon which it relies, we are of opinion that it is proper that the commissioners should report the grounds of their determination so far as to enable the court to see that no constitutional rights have been impaired, within the principles laid down in the Kingman case. Excessive minuteness is unnecessary. *Adams, petitioner*, 165 Mass. 497, 501. The court is not to revise the judgment of the commis-

sioners but simply to see that in their award there has been no error of law. *Old Colony Railroad, petitioner,* 163 Mass. 356, 359. But it is not sufficient for the commissioners simply to report percentages and to certify that they deem them just and equitable. As has been the practice on former occasions, the grounds of their judgment must be submitted to the court. *State* v. *Mayor & Aldermen of Paterson,* 8 Vroom, 412. See *Wrentham* v. *Norfolk,* 114 Mass. 555, 561.

    *Motion of town of Westwood overruled. Report recommitted.*