FREIRÍA & CO., LTD., PLAINTIFFS AND APPELLANTS, v. R. FÉLIX, BROTHERS & CO., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Humacao.

MOTION by Respondent after Hearing for Leave to File Supplementary Brief.

No. 993.—Decided November 14, 1913.

APPEAL—SUPPLEMENTARY BRIEF—DISCRETION OF COURT.—The briefs of. both parties should be filed before the hearing on the appeal, as required by sections 42 and 45 of the Rules of this court, and only in cases where the circumstances justify it can a supplementary brief be allowed to be filed after the hearing. In the present case the court in its discretion admitted the supplementary. brief because notice had been given to the adverse party who offered no objection, and for the further reason that no new questions were raised in said supplementary brief.

The facts are stated in the opinion.
*Mr. Manuel Tous Soto* for respondents.
The appellants did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The hearing on the appeal in this case was held on October 28, 1913, and on the 10th instant the defendant-respondents moved this court to allow them to file a supplementary brief which accompanied the motion.

The object of the rules of this court relative to the filing of briefs is to procure that the question or questions to be decided shall be submitted wholly and explicitly to this court at the hearing of the appeal. The appellant is required to present his brief first (Rule 42) and the respondent is required to file his counter brief five days before the day set for the hearing (Rule 45), so that both parties may be perfectly prepared when they appear. Any deviation from these rules may result prejudicial to the rights of one of the parties and to the systematic proceedings of the appeal, and only in cases in which the circumstances justify it should we permit any departure from the procedure established by the said rules.

In the present case the respondents should have exhausted their argument in the counter brief which they filed at the proper time, and as in their motion for leave to file a supplementary brief they do not set forth any good reasons which justify or even tend to justify their action, we might overrule their motion offhand.

However, as the respondents allege in the motion accompanying their brief that they served a copy thereof on the adverse party, which party has offered no objection, and as no new questions are raised therein for discussion and decision, the brief consisting only of an amplification of the arguments already advanced, in the exercise of our discretion and without establishing a precedent, we will allow the brief in question to be included in the record for such purposes as it may serve.

A similar case was decided by the Supreme Court of Massachusetts. In its opinion the said court expressed itself as follows:

"Since this case was submitted upon briefs, and taken into consideration by the court, two supplemental briefs in behalf of the city of Lynn have been sent to the court. This course is irregular, and we do not intend to sanction it as a precedent; but notice having been given to the petitioners, and no objection being made by them, we will consider the points presented." *Adams and others*, petitioners, 165 Mass., 497, 500.

*Motion sustained.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.