FREIRÍA & CA., S. EN C., DEMANDANTES Y APELANTES, v. R. FÉLIX HNOS. & CA., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao.

MOCIÓN de la parte apelada hecha después de celebrada la vista, para que se le permita radicar un alegato complementario.

No. 993.—Resuelto en noviembre 14, 1913.

ALEGATOS COMPLEMENTARIOS—DISCRECIÓN DEL TRIBUNAL—DEBER DE LAS .PARTES.—
   Los alegatos de ambas partes deben quedar radicados con anterioridad a la vista del recurso, según lo exigen los artículos 42 y 45 del Reglamento de este Tribunal, y únicamente en casos justificados puede permitirse la presentación de un alegato complementario después de celebrada la vista.   En este caso la corte usando de su discreción admitió el alegato complementario porque había sido notificado a la parte contraria y ésta nada objetó y además porque en dicho alegato no se plantearon cuestiones nuevas.

Los hechos están expresados en la opinión.

Abogado de los apelados: *Sr. Manuel Tous Soto.*

La parte apelante no compareció.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

En este caso se celebró la vista del recurso el 28 de octubre de 1913, y el 10 de noviembre actual los demandados y apelados pidieron a esta Corte Suprema que les permitiera radicar el alegato complementario que acompañaron al efecto.

El propósito de las reglas de esta Corte Suprema relativas a la presentación de alegatos, es el de que en el acto de la vista del recurso la cuestión o las cuestiones a resolver queden total y definitivamente sometidas al tribunal. Se exige al apelante que presente primero su alegato, (regla 42), y se exige al apelado que cinco días antes de la vista archive su impugnación, (regla 45), de suerte que ambas partes puedan comparecer perfectamente preparadas. Cualquiera desviación de esas reglas puede resultar en perjuicio del derecho de alguna de las partes y de la ordenada tramitación del recurso, y sólo en casos justificados debemos permitir la alteración del procedimiento marcado en las mismas.

En el presente caso los apelados debieron haber agotado su argumentación en el alegato de impugnación que presentaron en tiempo oportuno, y como en la moción por virtud de la cual solicitan ahora que se les permita radicar su alegato complementario no expresan causa alguna que justifique o tienda a justificar siquiera su proceder, podríamos rechazar su solicitud de plano.

Sin embargo, como según manifiestan los apelados en la comunicación acompañando su alegato, lo notificaron con copia a la parte contraria y ésta nada ha objetado, y como en el alegato no se presentan nuevos puntos a discutir y a resolver sino que se amplía simplemente la argumentación de los ya presentados; sin que establezcamos un precedente y usando de nuestra discreción, ordenaremos que el alegato en cuestión sea unido a los autos a los efectos procedentes.

Un caso semejante fué decidido por la Corte Suprema de Massachusetts. Dicho tribunal, en su opinión, se expresó así: "Desde que este caso fué sometido a nuestra consideración dos *briefs* suplementarios en favor de la ciudad de Lynn se remitieron a esta corte. Esta práctica es irregular y no tenemos el propósito de establecerla como un precedente; mas, como se notificó a los peticionarios y nada se ha objetado por ellos, consideraremos las cuestiones suscitadas." *Adams and others, petitioners,* 165 Mass., 497, 500.

*Con lugar la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.