## CAROLYN A. THORNDIKE, petitioner.

Suffolk.   November 10, 1924. — December 17, 1924.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil,* Exceptions.

A bill of exceptions to action by a judge of the Superior Court in rulings or refusals to rule respecting the disallowance of a bill of exceptions filed by a plaintiff in an action which had been tried before him is not permitted in this Commonwealth: upon disallowance of a bill of exceptions in whole or in part, the only course open to the aggrieved party is to file a petition for the establishment of the truth of the exceptions filed.

PETITION, filed with the Supreme Judicial Court for the Commonwealth on October 23, 1924, seeking to establish exceptions alleged to have been saved by the petitioner as plaintiff in an action against George H. Wetherbee, Jr., tried in the Superior Court before *Keating*, J.

*A. W. Eldredge,* for the respondent.

*C. A. Thorndike, pro se.*

RUGG, C.J.   This is a petition to establish the truth of exceptions.   If it be assumed in favor of the petitioner, but without so deciding, that there has been compliance with the essential prerequisites prescribed by Rule 6 of the Rules for the Regulation of Practice before the Full Court, the petitioner cannot prevail.   It appears from the petition that in an action brought in the Superior Court by the petitioner as plaintiff against one Wetherbee as defendant a trial was had on the merits of the cause and a verdict was rendered in favor of the defendant on November 30, 1921. Exceptions seasonably were filed respecting that trial. On October 1, 1923, the court entered an order disallowing these exceptions unless on or before October 10, 1923, the plaintiff filed a motion to amend the same to read as stated in a draft of exceptions prepared by the court and attached to the order, and that if such motion was filed the exceptions would be allowed if that were possible as matter of law against

the defendant's objections. The plaintiff did not comply with this order. She did not amend the exceptions. The exceptions were disallowed on October 15, 1923.

In view of this action of the court, two courses only were open to the plaintiff: First, to amend her bill of exceptions in accordance with the order; and second, to file seasonably a petition to establish the truth of her exceptions in accordance with G. L. c. 231, § 117, and Rule 6 of the rules for the regulation of practice before the full court. Neither of these courses was pursued. Instead, the petitioner, the plaintiff in that action, filed what purported to be a statement of the exceptions to rulings and refusals of the court to rule respecting the disallowance of the earlier bill of exceptions and other matters in connection therewith. Without tracing these and subsequent exceptions filed in the Superior Court by the plaintiff in that action, the petitioner here, it is enough to say that bills of exceptions of that nature are not permitted in this Commonwealth. The statutes, the rules, and the practice are plain to the effect that, when the trial judge has disallowed a bill of exceptions in whole or in part, the only course open to the aggrieved party is to file a petition for the establishment of the truth of the exceptions filed. See *Harrington* v. *Boston Elevated Railway*, 229 Mass. 421, 431, 432, *John B. Frey Co. Inc.* v. *S. Silk, Inc.* 245 Mass. 534, 537, 538.

The provisions of G. L. c. 231, § 113, are broad in allowing exceptions to be alleged by any party aggrieved " by an opinion, ruling, direction or judgment . . . of the superior court . . . rendered upon any matter of law in any civil cause, according to the course of the common law or otherwise, tried by a jury or heard by the court, or upon a motion for a new trial." These words of themselves import that when the trial or hearing is ended, or the motion for a new trial disposed of, and a bill of exceptions has been seasonably filed, the right to allege further exceptions has ceased. This is made clearer still by the provisions as to the establishment of exceptions in G. L. c. 231, § 117. Such provisions would be vain if a party could still continue alleging exceptions after the bill of exceptions had been disallowed. No rule

of the Superior Court adds or attempts to add anything to these sections of the statute.

This point is covered completely and adversely to the present petitioner by *Barnett, petitioner,* 240 Mass. 228, where, at page 230, with respect to a similar petition for the establishment of exceptions, are these words: "The statute recognizes no such procedure as that here attempted."

This is the sound and only practicable rule of practice; otherwise a party might go on filing exceptions after exceptions in the trial court and no conclusion of litigation could be reached.  *Boston Bar Association* v. *Casey,* 227 Mass. 46.

It becomes unnecessary to consider other objections urged against the granting of the petition.

*Petition dismissed.*