TOWN OF WEYMOUTH, petitioner.

COUNTY OF PLYMOUTH, petitioner.

Norfolk.    January 15, 1925. — February 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Exceptions: petition to establish.    *Monatiquot River Bridge Commission.*

Decisions of all matters of fact or of discretion by commissioners appointed by the Superior Court under St. 1917, c. 315, § 6, to assess the cost and incidental expenses of the removal of an existing bridge and the construction of a new bridge over the Monatiquot River in the town of Braintree were final and binding upon all parties.

It is proper for a judge of the Superior Court hearing a report of commissioners appointed under St. 1917, c. 315, § 6, on the question of a confirmation or recommittal of their report, to refuse to consider evidence taken before the commissioners.

A bill of exceptions to rulings and refusal to rule by a judge of the Superior Court upon a hearing by him without evidence of a report of commissioners appointed under St. 1917, c. 315, § 6, upon a motion to recommit the report and objections to its confirmation, is not the proper method to bring to this court questions of law which arose before the commissioners.

Where such a bill does not point out any error of law either on the part of the commissioners or of the Superior Court, it properly may be disallowed by the Superior Court.

This court cannot consider a petition to establish exceptions to a refusal by a judge of the Superior Court to grant requests for rulings presented at a hearing upon the question whether a bill of exceptions shall be allowed.    Following *Thorndike, petitioner,* 250 Mass. 408.

PETITIONS, filed in the Supreme Judicial Court for the Commonwealth on April 17, 1924, for the establishment of exceptions alleged to have been saved by the petitioners at hearings before *McLaughlin,* J., upon a report of commissioners appointed under St. 1917, c. 315, to assess and apportion the cost of and incidental expenses relating to the new Monatiquot River bridge.

The case was submitted on briefs.

*W. J. Holbrook,* for town of Weymouth.

*H. H. Pratt,* for county of Plymouth.

*J. A. Halloran,* for county commissioners of the county of Norfolk.

Rugg, C.J. Provision was made by St. 1917, c. 315, for removal of an existing bridge and the construction of a new bridge over the Monatiquot River in the town of Braintree. When the new bridge was completed and its cost ascertained, the Superior Court was required by § 6 to appoint a board of three commissioners, whose duty was to assess the cost and incidental expenses "in such manner and proportion as they shall deem just and equitable upon the counties of Plymouth and Norfolk, the city of Quincy, the towns of Weymouth and Braintree, such street railway corporation as shall have a location over the new bridge, and such other counties, cities, towns and *quasi* public corporations as they shall determine to be specially benefited by the bridge, and shall return their award into said court. When the award has been accepted by the court, it shall be a final adjudication of all matters referred to said commissioners, and shall be binding on all parties named therein." Commissioners were duly appointed and filed their report.

The present petitioners filed with the commissioners numerous requests for findings of fact and rulings of law. They appealed from the denials of these requests by the commissioners. They also filed bills of exceptions to these refusals and denials. The petitioners also filed motions to recommit the report to the commissioners and objections to the confirmation of the report. When these bills of exceptions were presented for allowance, each petitioner requested certain rulings. The court declined to receive them, subject to the exceptions of the petitioners. When the exceptions were presented the judge disallowed them. His certificate was in these words: "The within bill is disallowed. Assuming that exceptions lie and I have authority in respect thereto, the within bill is disallowed, and particularly because it purports to set forth the testimony taken before the commissioners and to allege error on their part in respect thereto, although there was no evidence before me as to what the evidence was before the commissioners. Neither the whole nor any part of the testimony taken by them was before the court."

The argument of the petitioners is that, "the crux of the whole difference between the parties" lies in this statement.

They contend that, because the testimony before the commissioners was taken stenographically and the expense of it was included in the cost of the bridge as appears from the report, it follows that parties have a right to present that testimony before the court and require consideration of it. An affidavit of counsel purports to present such testimony or parts of it. The apparent purpose of the petitioners was to secure a recommittal to the commissioners because no part of the cost of the bridge was assessed upon the counties of Suffolk or Middlesex, or any of the cities or towns in those counties, although considerable use of the bridge was made by their inhabitants.

In all this there was no error of law. It has been held repeatedly that the decisions of all matters of fact or of discretion by commissioners charged with similar duties and clothed with like powers, are final and are binding upon all parties. The court exercises such supervision over the award as to be assured that it is not "extravagant and unreasonable" and is not founded upon any error of law. But the court does not revise the judgment of the commissioners or substitute its views of expediency for those of the commissioners. These views have been so frequently expounded as to require no further amplification. *Kingman, petitioner,* 153 Mass. 566, 577 to 579. *De las Casas, petitioner,* 178 Mass. 213, *S. C.* 180 Mass. 471. *In re Metropolitan Park Commissioners, petitioners,* 209 Mass. 381, 384, 385. *Mayor & Aldermen of Springfield, petitioners,* 234 Mass. 578, 583.

If it be assumed that the requests for rulings ought to have been received by the judge, they all should have been denied. There was no merit in any of them.

The evidence taken before the commissioners was not before the Superior Court. It was rightly disregarded by the court. The effort to take exceptions was not in accordance with established practice. The petitioners have failed to point out any error of law either on the part of the commissioners or of the Superior Court. The bill of exceptions tendered was disallowed rightly.

The petitioners presented a second bill of exceptions founded on the disallowance of the bill of exceptions with

which this opinion has hitherto dealt and the requests for rulings presented therewith. Such a bill of exceptions cannot be considered. It was disallowed rightly. *Barnett, petitioner*, 240 Mass. 228, 230. *Thorndike, petitioner*, 250 Mass. 408.

*Petitions dismissed.*