GRIFFIN A. ALLEN, petitioner.

Suffolk.    March 1, 1926. — March 3, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Criminal*, Exception: allowance and establishment.

Under G. L. c. 278, § 31, a judge of the Superior Court has no power to renew the right of a defendant in a criminal case to file exceptions after the time fixed by the statute, as extended by the court within the terms of the statute, has expired.

PETITION, filed in the Supreme Judicial Court on February 13, 1926, to establish exceptions alleged to have been saved by the petitioner as defendant at the trial in the Superior Court before *Bishop*, J., of a complaint charging the defendant with larceny.

The case was submitted on a brief by *S. Smedile & J. S. Mitchell*, for the petitioner.

RUGG, C.J.    This is a petition to establish the truth of exceptions disallowed by a judge of the Superior Court. It is alleged in the petition "That on January 9, 1925, the time for the filing of the defendant's exceptions was extended to February 4, 1925; that the defendant's exceptions were

not filed on or before that date; that some time subsequent to February 4, 1925, the defendant prepared a motion to the effect that the time for the 'presenting the bill of exceptions to the court for allowance' be extended to and including February 10, 1925; that this motion was assented to on February 7, 1925, by Joseph J. Leonard, Assistant District Attorney; that this motion was presented to Bishop, Judge, on February 9, 1925, who made the following indorsement thereon, 'The time for the filing of the bill of exceptions expired before this motion was presented to the court. If, under these circumstances, the court has the authority to do so, then the above motion is approved and allowed and the time for the allowance of exceptions is extended to and including Tuesday, February 10, 1925.' The bill of exceptions was filed on February 9, 1925."

The trial judge has no power to revive the right of a defendant in a criminal case to file exceptions after the time for filing exceptions as previously limited has expired. The language of G. L. c. 278, § 31, in this particular is the same as that of G. L. c. 231, § 113. That point is settled. *Hack* v. *Nason*, 190 Mass. 346. *Barnard Manuf. Co.* v. *Eugen C. Andres Co.* 234 Mass. 148, 152. *C. F. Hovey, petitioner,* 254 Mass. 551. The right of the defendant to file exceptions had come to an end before the exceptions here sought to be established were filed. Since the exceptions were not filed within the time allowed by law, the petition to establish their truth cannot be considered.

*Petition dismissed.*