COMMONWEALTH *vs.* WILLIAM KOSSOWAN.

Essex.    December 3, 10, 1928. — January 2, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Criminal,* Exceptions, Sentence.

Upon disallowance by a judge of the Superior Court of a bill of exceptions presented by a defendant after he had been found guilty at the trial of a complaint, the only proper method of bringing the exceptions before this court is by a petition to establish their truth under G. L. c. 278, § 31; c. 231, § 117; it is not permissible practice either to except to or appeal from the order disallowing the exceptions.

After having been found guilty at the trial of a complaint in the Superior Court, a defendant seasonably alleged exceptions, which were disallowed. A petition by the defendant to establish the truth of the exceptions was dismissed by this court. Several months later the defendant was sentenced. Upon exception by the defendant to the imposition of sentence, it was *held,* that

(1) Although it was the duty of the judge of the Superior Court to sentence the defendant upon conviction for the crime of which he had been found guilty, that duty was directory, and failure by the judge to perform it did not impair the defendant's rights;

(2) The judge had jurisdiction to consider the defendant's exceptions, and this court had jurisdiction to consider his petition to establish their truth, before the imposition of sentence;

(3) Sentence rightly was imposed.

TWO COMPLAINTS, received and sworn to in the District Court of Peabody on May 20, 1927, charging the defendant respectively with the illegal transportation of intoxicating liquor and with exposing and keeping intoxicating liquor for sale with intent unlawfully to sell the same.

On appeal to the Superior Court, the defendant was tried before *Hayes,* J., a judge of a district court sitting in the Superior Court under statutory provisions, and was found guilty on October 7, 1927. Thereafter the defendant filed a bill of exceptions, which was disallowed. A petition filed by the defendant in this court to establish the truth of his exceptions was dismissed. On March 8, 1928, the defendant filed an appeal from the order disallowing his exceptions. On October 22, 1928, the defendant was sen-

tenced by *Butterworth*, J., also a judge of a district court sitting in the Superior Court. The defendant alleged exceptions to the imposition of the sentence.

*E. M. Shanley*, for the defendant.

*W. G. Clark*, District Attorney, & *E. F. Flynn*, Assistant District Attorney, for the Commonwealth, submitted a brief.

RUGG, C.J. After trial and verdict of guilty, the defendant filed a bill of exceptions which was disallowed before sentence was imposed. The defendant filed a petition in the Supreme Judicial Court to establish the truth of those exceptions. That petition was dismissed by rescript containing as the brief statement of the reasons for decision this: "Case governed by *Thorndike, petitioner*, 244 Mass. 429, and by *Bishop, petitioner*, 208 Mass. 405, 407, and *Koch, petitioner*, 225 Mass. 148, 150." No opinion was written. Thus it was adjudged that the exceptions were without merit. *Reynolds, petitioner*, 253 Mass. 427, 428. *Bullock, petitioner*, 254 Mass. 14, 17.

The defendant also appealed from the disallowance of his bill of exceptions. No such practice is permissible. The only relief is by petition to establish the truth of the exceptions under G. L. c. 278, § 31; c. 231, § 117. See *Thorndike, petitioner*, 250 Mass. 408, and cases there cited; *Weymouth, petitioner*, 251 Mass. 359.

It is stated in the bill of exceptions, "The defendant never having been sentenced before the disallowance of said exceptions to which order, disallowing the defendant's exceptions the defendant excepted." This appears to mean that the defendant excepted to the disallowance of his bill of exceptions. That is impossible practice. *Barnett, petitioner*, 240 Mass. 228. *Thorndike, petitioner*, 244 Mass. 429; *S. C.* 250 Mass. 408; *S. C.* 254 Mass. 256.

If this appeal be treated as intended to bring up the record for correction of errors of law, for reasons presently to be stated there was no error. But every question thus attempted to be raised is open on the exceptions and will be considered in that connection. Appeal of this nature is superfluous.

After the dismissal of the petition to establish exceptions,

the defendant was sentenced for the first time. To this sentence the defendant excepted. It was the duty of the trial judge to sentence the defendant upon conviction for the crime of which he had been found guilty, it not being punishable with death. G. L. c. 279, § 4. *Lebowitch, petitioner,* 235 Mass. 357, 363. The reasons why sentence was not promptly imposed do not appear. Manifestly the case was not filed or prosecution suspended. The case of *Commonwealth* v. *Carver,* 224 Mass. 42, 44, is not pertinent. The obligation to sentence resting on the presiding judge was directory so far as concerned the defendant, and failure, if any, to perform it did not impair his substantial rights. *Cheney* v. *Coughlin,* 201 Mass. 204, 211, 212, 213. *Ashley* v. *Three Justices of the Superior Court,* 228 Mass. 63, 70. *Trustees of Andover Seminary* v. *Visitors,* 253 Mass. 256, 280. *Bath Iron Works, Ltd.* v. *Savage,* 262 Mass. 123. It was said by Mr. Justice Holmes in *Commonwealth* v. *Clifford,* 145 Mass. 97, 98, respecting an adjudication that exceptions were frivolous and intended for delay; "We have no doubt of the power of the court to pass upon the exceptions before they are filed or allowed." That principle, although declared before the enactment of St. 1895, c. 469, now G. L. c. 279, § 4, is equally sound since that enactment. *Commonwealth* v. *Brown,* 167 Mass. 144, 146. It is pertinent to the case at bar. The want of sentence did not affect the right of the defendant to file exceptions. He was required to act betimes in this respect if he desired not to waive his exceptions. *Allen, petitioner,* 255 Mass. 227. The fact that sentence had not been imposed did not deprive the trial judge of jurisdiction to pass upon the exceptions. It was his duty to consider the exceptions without substantial delay, and either to allow or disallow them. G. L. c. 278, § 31. *C. F. Hovey Co., petitioner,* 254 Mass. 551. If he disallowed them, the defendant, in order to preserve his rights, was required to proceed in strict accordance with the statute as to form, substance and time, in order to press his petition to establish exceptions. He pursued that course. This court had jurisdiction to consider that petition and disposed of it according to settled principles.

Nothing in *Bowler* v. *Palmer*, 2 Gray, 553, *Bennett* v. *Clemence*, 3 Allen, 431, *Commonwealth* v. *Gloucester*, 110 Mass. 491, *Prescott* v. *Prescott*, 175 Mass. 64, *Weil* v. *Boston Elevated Railway*, 216 Mass. 545, or *Commonwealth* v. *Dascalakis*, 246 Mass. 12, relied upon by the defendant, gives countenance to his contentions.

Having been found guilty after a trial in which no error of law appeared upon his petition to establish exceptions, he rightly was sentenced.

*Appeals dismissed.*

*Exceptions overruled.*