ELIZA JONES *vs.* THEODORE F. HAYDEN.

Suffolk.    December 9, 1942. — September 13, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Nuisance. Way,* Public: obstruction, nuisance. *Practice, Civil,* Exceptions: allowance and establishment, what questions open.

It would have been improper to rule that the blocking of a public sidewalk by goods placed thereon in the course of being delivered by hoisting into an adjacent building without a permit in violation of a municipal ordinance created a public nuisance to pedestrians where the evidence left to be determined as facts whether the obstruction continued for an unreasonable length of time, was not reasonably necessary for the transaction of business, and unreasonably interfered with the rights of the public.

An exception disallowed by the trial judge, although included with other exceptions allowed by him in a bill of exceptions argued before this court, had no standing and must be disregarded.

TORT. Writ in the Municipal Court of the City of Boston dated March 6, 1935.

Proceedings in the case following removal to the Superior Court are described in the opinion.

The second trial was before *Hurley,* J.

*F. I. Rose,* (*A. Monsein* with him,) for the plaintiff.

*R. N. Daley,* for the defendant.

DOLAN, J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff on Eustis Street in Roxbury. The case comes before us following a second trial which took place after the decision of this court in *Jones* v. *Hayden,* 310 Mass. 90. At the first trial the declaration was in two counts, one alleging negligence on the part of the defendant, and the second alleging a nuisance caused by him to exist on a public highway. The case was referred to an auditor who found for the defendant on both counts. Thereafter the case was tried to a jury, who returned a verdict for the defendant on the count for negligence, the judge having directed a verdict for the defendant

on the count for nuisance. When the case came before us the plaintiff's exception as to the count for negligence was overruled, but her exception to the direction of a verdict for the defendant on the count for nuisance was sustained, and it was directed that the case be tried anew on that count only.

At the trial after rescript upon the count for nuisance the evidence presented was substantially the same as that adduced at the first trial, which was reviewed by us in our earlier decision. The facts which the evidence in its aspect most favorable to the plaintiff would have warranted the jury in finding are set forth in detail in the opinion in that case. They need not be repeated here. At the second trial the jury found for the defendant, and the case now comes before us on the plaintiff's exceptions to the failure of the judge to instruct the jury in accordance with her fourth request. No question is raised by the plaintiff "relative to the causation aspect of the case."

The plaintiff's fourth request for instructions to the jury was as follows: "As a matter of law, the entire operation of hoisting in which the defendant was engaged at the time of the accident, including the use of a truck and the blocking of the sidewalk, constituted a public nuisance for which the plaintiff would be entitled to recover if the said nuisance was a contributing cause to the plaintiff's injuries and if she, herself, was free of contributory negligence." There was no error in its denial. In his charge the judge correctly instructed the jury, in substance, that the obstruction and alleged nuisance in question consisted of the hay that the defendant had piled on the sidewalk; that the truck being legally registered was lawfully on the highway and not a nuisance; that the violation of ordinances of the city of Boston by the defendant, including the failure of the defendant to obtain a permit to conduct the hoisting operations, did not of itself constitute a nuisance but might be considered as evidence; and that the jury were to have three principles in mind in determining whether the obstruction in question constituted a public nuisance, namely, (1) Was the hay on the sidewalk an unreasonable length

of time? (2) Was it reasonably necessary for the transaction of the business? and (3) Did it interfere unreasonably with the rights of the public? These instructions were substantially in accord with the statements of this court, when the case was here before, that it "is settled that one 'does not create a nuisance who obstructs a way if . . . the obstruction is not for an unreasonable length of time, is reasonably necessary for the transaction of business and does not unreasonably interfere with the rights of the public.' *Gaw* v. *Hew Construction Co.* 300 Mass. 250, 255," and that "such use of a sidewalk must be necessary, temporary and reasonable, and whether the use is such is generally a question of fact to be determined with reference to time, place and circumstances." *Jones* v. *Hayden*, 310 Mass. 90, 94. In brief, the jury were carefully instructed that whether the obstruction was for a reasonable length of time, was reasonably necessary for the transaction of business and did not unreasonably interfere with the rights of the public, were questions of fact for their determination and not questions of law. These instructions, to none of which the plaintiff excepted, were correct. There is nothing in our prior decision that can be construed properly to mean other than that in all the circumstances of the case the issue whether the acts in question of the defendant constituted a public nuisance was one of fact for the jury.

The cases of *Dalton* v. *Great Atlantic & Pacific Tea Co.* 241 Mass. 400, 402, 403, and *McKenna* v. *Andreassi*, 292 Mass. 213, 216, relied upon by the plaintiff in support of her argument that the violation of the ordinances in the instant case necessarily created a public nuisance, are plainly distinguishable on the facts. Those were cases of obstructions that could be justified only if permitted by the proper municipal authority. See *Carroll* v. *Cambridge Electric Light Co.* 312 Mass. 89, 94.

The plaintiff attempts to argue further exceptions incorporated in her bill of exceptions that were disallowed by the judge. They have no standing and are not properly before us. If the plaintiff considered that she was aggrieved by their disallowance, her exclusive remedy was by petition

to establish exceptions.   G. L. (Ter. Ed.) c. 231, § 117. *Commonwealth* v. *Kossowan,* 265 Mass. 436, 437, and cases cited.

*Exceptions overruled.*