CHESTER RUDNICKI *vs.* STETSON WINDOW CORP. October 28, 1964. Plaintiff's appeal dismissed. Defendant's exceptions overruled. In this action of contract the declaration contains five counts. Count 1 was waived and the trial judge directed verdicts for the defendant on counts 3, 4, and 5. There was a verdict for the plaintiff on count 2. The defendant took an exception to the trial judge's charge "wherein the court stated that from the language of the pleadings [count 2] it appeared that the plaintiff had brought an action to recover for work, labor and materials." We note that although count 2 refers to a written contract it also refers to an "account annexed" which contained specifications. The judge instructed the jury that the plaintiff could recover "the fair and reasonable value for the services performed" if he had acted in good faith and "substantially performed the contract." Although count 2 is far from well drafted, we are of opinion that the judge could determine that the plaintiff was declaring on a common count in quantum meruit. "By declaring on an account annexed the plaintiff has by legal intendment stated all the allegations contained in all the common counts." *Martha Inc. of New York* v. *Remis*, 330 Mass. 357, 359. *Lantz* v. *Chandler*, 340 Mass. 348. There was no error. The plaintiff appealed from the disallowance of his bill of exceptions to the direction of verdicts for the defendant on counts 3, 4, and 5 of the plaintiff's declaration. His appeal is not properly before us. His "exclusive remedy was by petition to establish exceptions." *Jones* v. *Hayden*, 314 Mass. 519, 521–522. *Commonwealth* v. *Kossowan*, 265 Mass. 436, 437, and cases cited. G. L. c. 231, § 117.

*Chester Rudnicki*, pro se.

*Melvin Norris*, for the defendant, submitted a brief.

JANE H. LORD *vs.* REGISTRAR OF MOTOR VEHICLES. October 28, 1964. Order dismissing petition for writ of mandamus affirmed. The petition for the return of 1963 automobile registration plates was dismissed in the Superior Court, November 13, 1963. The petitioner's attorney stated in open court that the petitioner has 1964 plates.

*Herbert Lord* for the petitioner.

*William I. Cowin*, Assistant Attorney General, for the respondent.