332 Mass. 527 (1955)
126 N.E.2d 124
DAVID RINES, administrator, & individually
vs.
CLERK OF THE COURTS FOR THE COUNTY OF NORFOLK & others.[1]
Supreme Judicial Court of Massachusetts, Suffolk.
February 8, 1955.
April 18, 1955.
Present: QUA, C.J., LUMMUS, WILKINS, & COUNIHAN, JJ.
Lester W. Cooch, (David Rines with him,) for the petitioner.
Harris A. Reynolds, Assistant Attorney General, for the respondents.
COUNIHAN, J.
This is a petition by David Rines as administrator and individually (hereinafter called the petitioner) for a writ of mandamus to direct the justices of the Superior *528 Court to vacate, set aside, and annul an order entered on January 20, 1954,[1] by one of the judges of that court that no more papers be received or docketed in sixteen tort actions hereinafter referred to, and to direct the judge who entered the order to disqualify himself from further participation in any matters arising out of said actions. The petition also seeks to require and direct the clerk of the courts to receive, file, and docket certain papers which the petitioner alleges are relevant to preserve exceptions to the entry of such order in said tort actions. The respondents filed identical demurrers the first ground of which is set forth in the margin.[2] The demurrers were sustained by the single justice after hearing. The case is here upon exceptions of the petitioner to the action of the single justice. There was no error.
This petition arises out of proceedings in connection with the trial of sixteen tort actions begun by the petitioner in the Superior Court in 1945 to recover damages for the conscious suffering and death of Lucy L. Rines, his wife. The tort actions were grounded upon negligence in the care and treatment of his wife by certain doctors, nurses, and a hospital. The tort actions were tried together in 1948 before a pital. The tort actions were tried together in 1948 before a judge and jury. The record is not entirely clear but it appears that the jury returned verdicts for the plaintiff in two of the cases, and that verdicts were entered for the defendants in the other cases by order of the judge.
During the years which followed the petitioner filed four different bills of exceptions in the Superior Court. They are titled and numbered for convenience in the order of their filing: (1) plaintiff's consolidated bill of exceptions, (2) plaintiff's substitute consolidated bill of exceptions, (3) plaintiff's second substitute consolidated bill of exceptions, and (4) plaintiff's amended second substitute consolidated bill of exceptions. None of the bills of exceptions has *529 ever been before us except upon a petition to establish the truth of the exceptions therein. While the allowance of these bills of exceptions was pending, the judge on motion granted a new trial of the actions in which there were verdicts for the plaintiff and these actions are now pending in the Superior Court.
Since the trial more than seven years ago proceedings arising out of the tort actions have been before us in one form or another at least eleven times.
Cases Nos. 11207 and 11208 on the docket of this court were petitions to establish the truth of exceptions to orders of the judge allowing motions for new trials in the two tort actions in which there were verdicts for the plaintiff. These petitions were filed on July 10, 1952, and after hearing were dismissed by order of the full court on October 10, 1952, on the ground that the exceptions did not appear to be meritorious.
Failing in this the petitioner filed a petition for a writ of mandamus and a petition for a writ of certiorari to vacate, set aside, and annul the orders allowing the motions for new trials in those cases. After a hearing these petitions were dismissed. They are reported in Rines v. Justices of the Superior Court, 330 Mass. 368. Appeals were dismissed by the Supreme Court of the United States for want of a substantial Federal question. 346 U.S. 919; rehearing denied 347 U.S. 908.
Cases Nos. 11398 and 11399 on the docket of this court were petitions to establish the truth of exceptions contained in bill numbered 3 and in bill numbered 4. G.L. (Ter. Ed.) c. 231, § 117. After a hearing by the full court the petitions were dismissed by order of the full court on March 22, 1954.[1a]
*530 Two other petitions seeking to establish the truth of exceptions contained in bill numbered 1 and in bill numbered 3 were heard and dismissed. They are reported in 331 Mass. 714.
Bill numbered 2 has never been before us because it never has been allowed by the judge and no petition to establish the truth of those exceptions has ever been filed. The time provided for filing such a petition has long since expired. Rule 22 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 701-702.
Case No. 11458 on the docket of this court was a petition to establish the petitioner's exception to the denial of an order of notice by the single justice on a petition for a writ of mandamus directing the judge to allow or disallow bill numbered 3, and to rule upon bill numbered 4. It also sought to require the judge to disqualify himself from further participation in any matters arising out of the tort actions. This petition was argued at the March sitting of the full court and was dismissed by order of the full court on April 13, 1955.
Then we come to the case at bar, which is No. 11495 on the docket of this court and which was argued with case No. 11508 at the February sitting. Case No. 11508 will be dealt with in a separate opinion overruling exceptions to the denial of petitions to vacate judgments.
The petition in the case under consideration contains thirty-three allegations, most of them reciting facts which led to the issuance of the order of January 20, 1954. While the bills of exceptions were pending, the judge on December 28, 1953, allowed motions to dismiss all of the bills of exceptions. Six motions relating to some of the tort actions were filed by the petitioner and were denied by the judge on December 28, 1953. On January 4, 1954, the petitioner *531 filed written claims of exceptions, and on January 18, 1954, he filed ten bills of exceptions in relation to these acts of the judge. After the issuance of the order that no more papers be received or filed, the petitioner attempted to file innumerable motions, bills of exceptions, and affidavits, none of which was received by the clerk of the courts.
The order of the judge about which the petitioner complains was entered in the absence of the petitioner on January 20, 1954, and the petitioner received notice of it on January 25, 1954. On the same day the petitioner seasonably sought to file with the clerk of the courts sixteen claims of exceptions to the entry of the order which the clerk of the courts refused to accept because of said order. On January 26, 1954, the petitioner presented to the judge in person a motion in each action relating to the entry of this order. He requested the judge to allow such motions or if denied to make note of the petitioner's exceptions. The judge refused to accept and act upon such motions and refused to make note of any exceptions of the petitioner. The petitioner alleges that the refusal of the clerk of the courts to receive and enter his claims of exceptions, the refusal of the judge to receive and act upon his motions, and the refusal of the judge to make note of his exceptions prevent the petitioner from getting on the record his exceptions to the entry of this order so that a suitable bill of exceptions could be prepared and filed, G.L. (Ter. Ed.) c. 231, § 113, as amended by St. 1945, c. 328, or, if necessary, a petition be prepared and filed in this court to establish the truth of exceptions under c. 231, § 117, or under Rule 22 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 701-702.
We are of opinion that in these circumstances a petition for a writ of mandamus lies, there being no other remedy open to the petitioner to preserve his exceptions if any to the entry of this order. Nothing we hold here however is inconsistent with what we said in Rines v. Justices of the Superior Court, 330 Mass. 368.
While we hold that this petition is properly before us, we *532 nevertheless are of opinion that the demurrers were correctly sustained by the single justice. We have recited at length the nature and extent of the litigation indulged in by the petitioner in the seven years which have elapsed since the trial of these tort actions. The petition as appearing in the record recites further litigation which the petitioner has undertaken or proposes to undertake in connection with these tort actions. From what we have said hereinbefore it is plain that all matters about which the petitioner complained prior to and after the entry of this order now have been considered in one form or another and disposed of by this court. The judge was therefore right in concluding that the time had arrived to terminate the litigation except for the two cases still pending for trial in the Superior Court.
The entry of such order was within the jurisdiction of the judge. A similar order was considered in Thorndike, petitioner, 257 Mass. 409, where at page 411 the court said, "That order presents no error in the circumstances here disclosed. `The policy of the law requires that litigation be terminated within a reasonable time and not protracted at the mere option of the parties,' or of one of them.... Boston Bar Association v. Casey, 227 Mass. 46, 48-49.... The court has power to protect its records from irrelevant, unimportant or superfluous papers and to take rational steps to end litigation. This order was directed to that end and was warranted." Because of what was said in the order of the full court dismissing case No. 11458 we do not consider other contentions of the petitioner.
Exceptions overruled.
NOTES
[1] The justices of the Superior Court.
[1] "In order to protect the records of the court from frivolous, unimportant, or superfluous papers it is ordered that no more papers be received, filed or docketed in the above-entitled cases unless the court shall so order."
[2] "1. The allegations contained in the petition do not state any ground upon which the relief requested can be granted."
[1a] "After hearing, the court orders that the petition be, and the same is, hereby dismissed for the reason that exceptions will not lie to action by the judge upon the correctness of a previous bill of exceptions. Barnett, petitioner, 240 Mass. 228. Thorndike, petitioner, 250 Mass. 408. Weymouth, petitioner, 251 Mass. 359, 361-362. Commonwealth v. Kossowan, 265 Mass. 436" (No. 11398).

"After hearing, the court orders that the petition be, and the same is, hereby dismissed for the reason that the bill of exceptions establishment of which is sought, to wit, plaintiff's so called amended second substitute consolidated bill of exceptions, does not appear to be either an original bill of exceptions or an original bill of exceptions as amended in accordance with any order of the judge. Graustein, petitioner, 304 Mass. 679. Hector v. Boston Electric Light Co. 161 Mass. 558, 560-561. Ryder v. Jenkins, 163 Mass. 536, 538. See Thorndike, petitioner, 257 Mass. 409; Barnard Manufacturing Co. v. Eugen C. Andres Co. 234 Mass. 148" (No. 11399).