**Chester RUDNICKI, Plaintiff, Appellant,**

v.

**DEPARTMENT OF MASSACHUSETTS ATTORNEY GENERAL et al., Defendants, Appellees.**

**No. 6710.**

United States Court of Appeals First Circuit.

Heard June 8, 1966.

Decided June 15, 1966.

---

Chester Rudnicki pro se.

David Berman, Asst. Atty. Gen., with whom Edward W. Brooke, Atty. Gen., was on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

## OPINION OF THE COURT.

PER CURIAM.

Appellant, having been found to have repeatedly filed "baseless," "vexatious," "harassing" actions against state and federal officials and judges, was enjoined by the district court for the District of Massachusetts from filing any further proceedings against such persons without first obtaining leave of court. Rudnicki v. McCormack, D.Mass., 1962, 210 F.Supp. 905, appeal dismissed, 372 U.S. 226, 83 S.Ct. 679, 9 L.Ed.2d 714. This order is presently in effect.* Appellant has now sought leave to file an action against the "Department of" [sic] Attorney General of Massachusetts, the "Middlesex Superior Court," and "Middlesex District Attorney Department." The district court denied leave to file, and he appeals. The Attorney General of Massachusetts has appeared as representing the appellees.

Passing the question whether appellant has properly named any real parties, and if we disregard, as in any event we must, numerous charges made in the complaint that are not legally maintainable under any circumstances, there remain certain allegations which, if generously construed, might make out a cause of action against certain persons who are at least indirectly referred to. We do not reach the question, however, whether there are sufficient allegations in the complaint, as a matter of pleading, to withstand a motion to dismiss. The action is manifestly one within the scope of the injunction. Hence appellant was obliged to demonstrate to the satisfaction of the district court that he has a meritorious case. We need not determine what he must do to accomplish this. We do rule that mere allegations in a complaint, and the broad type of charges that appellant makes orally, are not enough.

Affirmed.

* The order entered was against instituting proceedings "without prior leave of Court * * * against any State or Federal Judge, officer or employee for actions taken in the course of their official duties as such Judge, officer or employee."