466 A.2d 1334

**Daniel TILLI, Petitioner,**

v.

**Donato CAPOBIANCO, Gus Milides, Martin Cohen, Kevin Kelleher, and Commonwealth of Pennsylvania, Judge Freedberg, Respondents.**

Supreme Court of Pennsylvania.

Sept. 22, 1983.

Daniel Tilli, pro se.

Jerry R. Knafo, Allentown, for Capobianco, et al., respondents.

David F. Snyder, Harrisburg, for Com., respondent.

Paul Gelman, Philadelphia, for Freedberg, respondent.

OPINION

PER CURIAM.

The petition of Daniel Tilli for allowance of appeal is granted. Superior Court —— Pa.Super. ——, 461 A.2d 882, correctly affirmed Common Pleas' dismissal of petitioner's complaint against respondents, Donato Capobianco, Gus Milides, Martin Cohen, Kevin Kelleher, the Commonwealth of Pennsylvania and Judge Freedberg, and its dismissal of petitioner's motion for a default judgment against respondents Donato Capobianco and the Commonwealth of Pennsylvania. However, Common Pleas failed to set forth any findings to support the injunction it entered as follows:

[W]e perpetually enjoin and restrain Daniel Tilli from continuing, instituting or prosecuting, without prior leave of court, this or any other legal proceeding in any court against any state or federal judge, officer or employee for actions taken in the course of their official duties as such judge, officer or employee. See *J. John Gordon v. U.S. Department of Justice,* 558 Fed.2d 618 (First Circuit) 1977.

Accordingly, Clerks of any court shall not accept pleadings from Daniel Tilli without prior leave of court.

Although *Gordon v. United States Department of Justice,* 558 F.2d 618 (1st Cir.1977), does hold a court has power to enjoin repeated frivolous actions by "pertinacious litigants" and such injunctions were known to common law, their entry must at least be accompanied by findings and analysis sufficient to allow meaningful review. For an example of such, *see Rudnicki v. McCormack,* 210 F.Supp. 905 (D.C. Mass.1962), *appeal dismissed,* 372 U.S. 226, 83 S.Ct. 679, 9 L.Ed.2d 714 (1963). Absent adequate findings and analysis such an injunction improperly impinges on Art. I, § 11 of the Pennsylvania Constitution. *See also Boyle v. O'Bannon,* 500 Pa. 495, 458 A.2d 183 (1983).

That portion of Superior Court's order affirming dismissal of the complaint against Donato Capobianco, Gus Milides, Martin Cohen, Kevin Kelleher, the Commonwealth of Pennsylvania and Judge Freedberg is affirmed. That portion of its order affirming the injunction against future actions is reversed. The record is remanded to the Court of Common Pleas of Northampton County for proceedings consistent with this opinion.