**William S. SIRES, Jr., Petitioner, Appellant,**

v.

**Harold GABRIEL, Respondent, Appellee.**

No. 84–1239.

United States Court of Appeals, First Circuit.

Submitted Sept. 14, 1984.
Decided Nov. 20, 1984.

William S. Sires, Jr., pro se.

Francis X. Bellotti, Atty. Gen., Frederick W. Riley, Chief, Criminal Bureau, Barbara A.H. Smith, Chief, Criminal Appellate Division, and Frances L. Robinson, Asst. Atty.

Gen., Boston, Mass., on brief for respondent, appellee. ·

Before CAMPBELL, Chief Judge, COFFIN and BOWNES, Circuit Judges.

PER CURIAM.

William Sires appeals from a *sua sponte* order of the district court enjoining Sires "from filing any new complaints or petitions in any form without the express authorization of a district judge of this court." This order was added to an order denying Sires' petition for a writ of habeas corpus. We denied a certificate of probable cause to appeal the order denying the petition and permitted Sires to appeal the injunction separately.[1]

The magistrate's report and recommendation, which was adopted by the district court, contains the following statements in support of the injunction: "An earlier petition for a writ of habeas corpus was dismissed in 1979 ... for failure to exhaust state remedies.... The petitioner has been a constant litigator in this court. There are presently five actions ... [including] the subject petition. In addition [another civil action] was closed on December 30, 1982." The magistrate did not additionally describe any of the other cases Sires had filed.

In *Pavilonis v. King*, 626 F.2d 1075 (1st Cir.), *cert. denied*, 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980), we considered a similar injunction. Pavilonis had filed seven vague civil rights complaints within five months, and the district court found that none of them complied with Rule 8 of the Federal Rules of Civil Procedure. *Pavilonis* at 1077. We rejected Pavilonis' argument "that enjoining litigation is unconstitutional," *id.* at 1078, and said, "Although the entry of a broad injunction, pertaining to all pleadings and future lawsuits, was a drastic measure, we are not convinced the court exceeded the scope of the supervisory and equitable powers it was said to possess

in *Rudnicki v. McCormack*, [210 F.Supp. 905, 908–910 (D.R.I.1962), *appeal dismissed sub nom. Rudnicki v. Cox*, 372 U.S. 226 [83 S.Ct. 679, 9 L.Ed.2d 714] (1963) ]," *Pavilonis* at 1079, *footnote omitted*. However, we limited the scope of the injunction. "We think the injunction must be interpreted as requiring only that Pavilonis satisfy a district judge that her pleadings are sufficiently plain and definite to satisfy Rule 8 and to warrant a response."

In *Rudnicki v. McCormack, supra*, the district judge enjoined the plaintiff from filing additional complaints without prior leave of court, against "any state or federal judge, officer or employee." *Id.* at 911. The court stated that Rudnicki filed "baseless, vexatious and repetitive" suits and "persistently attempted to relitigate cases dismissed by United States District Judges and by Massachusetts state judges by commencing new suits against those judges and against the government attorneys who represented them, charging them with conspiracies to violate his civil rights." *Id.* at 909. Rudnicki, in order to receive permission to file a complaint covered by the injunction, had to present "at least a prima facie case" that the action would not "constitute a further abuse of the process of the court." *Id.* at 911. In *Rudnicki v. Department of Massachusetts Attorney General*, 362 F.2d 337 (1st Cir.1966) we upheld the district court's denial of leave to file a complaint when Rudnicki did not make the required showing. Also in *Gordon v. U.S. Department of Justice*, 558 F.2d 618 (1st Cir.1977), we upheld the district court's denial of leave to file a complaint, leave which was required by an earlier district court injunction that was based upon findings that Gordon had filed frivolous and vexatious lawsuits against federal officials.

In these cases the complaints filed were found by the district courts to clearly fail to state a cognizable legal claim or to be frivolous or vexatious. In addition, each

---

1. *Sires v. Gabriel,* No. 84–8011 (1st Cir.April 3, 1984). *See In re Oliver,* 682 F.2d 443, 445 (3rd Cir.1982), where a similar order enjoining Oli- ver from filing future complaints was treated separately as an injunction.

plaintiff had filed many similar complaints against identical or similar defendants. Other cases too reveal that limitation of an individual's access to the courts may be upheld if supported by similar kinds of findings. *See Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1523–1526 (9th Cir.1983) *cert. denied,* — U.S. ——, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984) (district court's injunction upheld preventing Wood, who had filed over 35 similar complaints, from filing new actions paralleling the issues being litigated in a case and preventing him from relitigating issues decided in two cases); *In re Oliver,* 682 F.2d 443 (3rd Cir.1982) (injunction of district court, based upon finding that Oliver had filed over fifty frivolous cases, would be upheld unless Oliver made a sufficient showing on remand in opposition to the injunction); *In re Green,* 669 F.2d 779 (D.C.Cir.1981) (district court directed to enter new order prohibiting Green—who had filed over 600 complaints—from filing any new complaint without leave of court, and district court's order vacated which had completely closed the courthouse door); *Harrelson v. United States,* 613 F.2d 114 (5th Cir.1980) (district court's injunction upheld to prevent continuation of repeated relitigation of the same issues and to prevent raising causes of action which could have been asserted in the complaint); *Ruderer v. United States,* 462 F.2d 897, 899 (8th Cir.), *appeal dismissed* and *cert. denied,* 409 U.S. 1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972) (district court's injunction upheld to prevent Ruderer from continuing to relitigate issues pertaining to his discharge or issues which he had raised in previous cases specifically named).

In each of the cases cited above, the district court or the court of appeals narrowly tailored the injunction to closely fit the specific vice encountered. This was necessary to prevent infringement on the litigator's right of access to the courts. "Access to the courts is a fundamental tenet of our judicial system...." *In re Oliver,* 682 F.2d at 446. *See Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). "We expect that injunctions against litigants will remain very much the exception to the general rule of free access to the courts." *Pavilonis v. King,* 626 F.2d at 1079. "[W]e emphasize that litigiousness alone will not support an injunction against a plaintiff...." *Id.* (citation omitted).

Here, the magistrate's only statements in support of the injunction consist of an assertion that the "petitioner has been a constant litigator in this court," and a list of six other cases that had been brought by Sires. There was no statement that any of these cases was frivolous, brought in bad faith, or relitigated decided issues. Although we denied Sires a certificate of probable cause to appeal the dismissal of his petition for a writ of habeas corpus, we did not view his petition as entirely frivolous.[2]

The defendant, who did not ask for the injunction, does not argue that he was harassed by Sires' petition.[3] Instead, he argues (briefly) that the district court acted within its power under 28 U.S.C. § 1915 governing in forma pauperis proceedings. The district court, however, did not deny the petitioner in forma pauperis status, enjoin him from proceeding in forma pauperis, or otherwise purport to invoke any authority under § 1915. Moreover, § 1915 does not give a district court additional powers to restrict access to the courts. *See In re Green,* 669 F.2d at 785–786 (orders erecting financial barriers unjustly restrict access for the impoverished only and suspend the operation of § 1915[a]). *See also Howard v. King,* 707 F.2d 215, 221 (5th Cir.1983) (if asserted claims are colora-

---

**2.** *See Gardner v. Pogue,* 558 F.2d 548, 551 (9th Cir.1977) (granting a certificate of probable cause requires a substantial question, which requires more than that the question be merely not frivolous).

**3.** Perhaps this case illustrates the wisdom of what was said in *Pavilonis v. King,* 626 F.2d at 1079, "Generally, this kind of order should not be considered absent a request by the harassed defendants."

ble, in forma pauperis status may not be denied).

Without findings indicating that Sires' litigation efforts in some way abused the judicial process or harassed defendants, the district court's injunction cannot stand. We, therefore, vacate the injunction and remand for further consideration by the district court. If the necessary findings of abuse are made, then an injunction may properly issue. We stress that where access to the courts is concerned, an injunction should be drawn as narrowly as possible.