USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1454 WILLIAM S. SIRES, JR., Plaintiff, Appellant, v. MICHAEL V. FAIR, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge] ___________________ ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ______________ ____________________ William S. Sires, Jr. on brief pro se. _____________________ Nancy Ankers White, Special Assistant Attorney General, and ____________________ Charles M. Wyzanski, Senior Litigation Counsel, Massachusetts ______________________ Department of Correction, on Motion For Summary Disposition and Memorandum Of Law for appellees. ____________________ February 10, 1997 ____________________ Per Curiam. Appellant William Sires, an inmate in the __________ Massachusetts prison system, appeals a district court order denying his motion to hold appellees in contempt for violation of a previous court order requiring that they use their best efforts to ensure that he receive proper medical care while in prison. Sires further alleges the district court erred in refusing to grant his request for discovery and the subpoena of witnesses. Sires also appeals a court order relieving his court appointed counsel of the duty of further representing him and refusing to appoint new counsel. Finally, Sires claims that the district court erred in ordering him not to "file any additional motions without prior authorization of this court." We affirm the district court on all claims, except that of the injunction. The district court in the instant case held a lengthy hearing at which it heard testimony concerning the quality of Sires' health care. It then made a factual finding, supportable in the record, that, while that care had not been "optimal," appellees had nevertheless made a good faith effort to comply with the previous order. We have reviewed the record carefully and find no abuse of discretion in the court's denial of Sires' contempt motion.  Moreover, the record indicates that Sires suffered no prejudice from the district court's failure to grant his -2- request for the production of documents and the issuing of subpoenas to witnesses.  Appointment of counsel in a civil proceeding is required only in "exceptional circumstances." DesRosiers v. Moran, __________ _____ 949 F.2d 15, 23 (1st Cir. 1991). The record indicates that the issues at the contempt hearing were not complex and that Sires was well able to represent himself. Therefore, the court did not abuse its discretion in relieving Sires' court appointed counsel of the duty of further representation and refusing to appoint new counsel.  In respect to the injunction, federal courts do "possess discretionary powers to regulate the conduct of abusive litigants." Cok v. Family Court of Rhode Island, 985 F.2d ___ ______________________________ 32, 34 (1st Cir. 1993). Accordingly, "in extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious [motions] may be appropriate." Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1984). ______ _____________ Nevertheless, any bar must be "narrowly tailored." Sires v. _____ Gabriel, 748 F.2d 49, 51 (1st Cir. 1984), lest it _______ "impermissibly infringe upon a litigator's right of access to the courts," Castro, 775 F.2d at 410. Such an injunction ______ must "remain very much the exception to the general rule of free access to the courts" and must be used with particular -3- caution against a pro se plaintiff. Pavilonis v. King, 626 ___ __ _________ ____ F.2d 1075, 1079 (1st Cir. 1980). This court reviews entry of such injunctions for abuse of discretion. Id. at 408. __ The injunction in this case is more problematic. Sires was not "warned or otherwise given notice that filing restrictions were contemplated," Cok, 985 F.2d at 35; he had ___ not been afforded "an opportunity to respond" before entry of the injunction, see id.; and there was no request from the ___ ___ defendants for such an order, see Pavilonis, 626 F.2d at 1079 ___ _________ ("Generally, this kind of order should not be considered absent a request by the harassed defendants."). While no one of these factors, standing alone, would necessarily invalidate the injunction, they are fatal here because it is unclear that the record supports the injunction. Denial of routine access to the courts is an "extreme" measure, and "[l]itigiousness alone will not support [such] an injunction." Id. Here, however, the district court made no ___ findings that Sires' filings had been frivolous, vexatious, or otherwise of a type and kind that would justify injunctive relief. Therefore, the fairest course here is to vacate the injunction and remand the case for such further proceedings, if any, as the district court desires to undertake. Affirmed in part, vacated in part, and remanded. _______________________________________________ -4-