Borenstein, J.
INTRODUCTION
This matter is before the Court on the defendant’s motion to dismiss plaintiffs amended complaint pursuant to Mass.R.Civ.P. 12(b)(6). The Plaintiff, Michael Sadlowski, alleges in his complaint general dissatisfaction with actions or inactions of the Defendant, Philip OToole, in his capacity as the Clerk-Magistrate of the Leominster District Court. The defendant contends that the alleged wrongdoings were acts performed in his duly as clerk-magistrate and therefore, the doctrine of judicial immunity protects him from civil liability. For the reasons discussed below, the defendant’s motion to dismiss is ALLOWED.
BACKGROUND
The plaintiff filed his original complaint with the Worcester Superior Court on August 20, 1998. In response to the defendant’s motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), a hearing was held before Judge Martha Sosman on Januaiy 22, 1999. Judge Sosman ordered the plaintiff to file an amended complaint on the grounds that the original complaint failed to state a claim upon which relief could be granted. Pursuant to Judge Sosman’s order, the plaintiff filed an Amended Complaint on February 22, 1999. The defendant filed the motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), which is currently before this court on March 24, 1999.
DISCUSSION
Plaintiffs amended complaint alleges that the defendant discriminated against the plaintiff, abused his authority, maliciously submitted information to the Registry of Motor Vehicles, and willfu’ly ignored plaintiffs request to schedule a motion. In addition, plaintiff alleges that defendant willfully interfered with the processing of applications for criminal complaints and motions, participated in the signing off of a return of an invalid search warrant, recklessly misrepresented a case, and acted in both a retaliatory and fraudulent manner towards the plaintiff.
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." Nadar v. Citron, 372 Mass. 96, 98 (1977). Without assessing the adequacy of plaintiffs bare and conclus-ory allegations against the defendant, it is clear from the amended complaint that the alleged acts of wrongdoing by the defendant were performed in discharge of his official duties as Clerk-Magistrate. As a court official whose duties are related to the judicial process, the defendant is accorded the same immunity from civil liability that is given to judges. Barr v. Mateo, 360 U.S. 564, 569 (1959); Rudnicki v. McCormack, 210 F.Supp. 905, 908 (D.Mass. 1962).
Actions taken by a judge in the course of his exercise of general jurisdiction over a case are immune from civil liability. Stump v. Sparkman, 435 U.S. 350, 355-56 (1978); Temple v. Marlborough Division of the District Court Department, 395 Mass. 117, 132 (1985). Furthermore, a judge will not be deprived of his immunity because the action he took was in error, was done maliciously, or was in excess of his authority. Stump v. Sparkman, 435 U.S. at 356-57. It is only when a judge has acted in the “clear absence of all jurisdiction” that he will be deprived of absolute immunity. Id. The plaintiff has failed to assert material facts that the defendant was acting outside his jurisdiction as a clerk-magistrate. Therefore, the fact that plaintiff is unhappy with the results and/or the particulars of the proceedings and believes that the defendant acted maliciously, adds nothing of legal consequence to the complaint.
Judicial immunity is for the benefit of the public, whose interest it is that judges be free to exercise their judgment without fear of consequences. Peirson v. Ray, 386 U.S. 547, 554 (1967). It would not only be an undue burden if the clerk-magistrate had to defend against suits brought by every unhappy litigant, but it would also create an atmosphere of intimidation where fearless decision-making was certain to not occur. Id. While courts have acknowledged that with judicial immunity there may be occasional instances of actual injustice which will go unredressed, courts consider this to be a price that is necessary to pay for the greater good. Barr v. Matteo, 360 U.S. at 576.
In assessing plaintiffs complaint pursuant to Mass.R.Civ.P. 12(b)(6), a decision to dismiss should only be made where it appears beyond doubt that the *322 plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Nadar v. Citron, 372 Mass. at 98. It is clear to this court that the plaintiff has failed to assert material facts that the defendant was not acting in his official capacity as a clerk-magistrate. Therefore, the doctrine of judicial immunity bars plaintiffs claims.
ORDER
It is therefore ORDERED that defendant’s motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) beALLOWED and that defendant’s request for costs be DENIED.